**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2784-24

LONG VALLEY REALTY
HOLDING, LLC,

     Plaintiff-Appellant,

v.

G & E SERVICES, LLC,
E, G & E SERVICES, and
JAKE KANISZEWESKI,

     Defendants-Respondents.

_____

     Submitted January 21, 2026 – Decided March 13, 2026

     Before Judges DeAlmeida and Torregrossa-O'Connor.

     On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3037-22.

     Advokat & Rosenberg, attorneys for appellant (Jeffrey M. Advokat, on the briefs).

     Goodman Galluccio and Chessin, attorneys for respondents (Neil Chessin, on the brief).

PER CURIAM

Plaintiff, Long Valley Realty Holding, LLC, owner of a building struck by a box truck owned by G & E Services, LLC[1] and driven by its employee, Jake Kaniszeweski (collectively defendants), appeals from the May 7, 2025 Law Division judgment following a bench trial awarding damages to plaintiff after defendants conceded liability. Plaintiff argues the trial court erred in rejecting its request for damages in the amount of $112,000 and awarding only $3,650 based on an estimate never presented or admitted at trial.

After a review of the record in light of the applicable law, we conclude the trial court improperly awarded to plaintiff a damage amount not anchored in the evidence. We are also not satisfied the court employed the proper legal standard and methodology to assess the amount of damages caused by defendants. Thus, we are constrained to vacate the judgment awarding damages and remand for further proceedings in accordance with this decision.

I.

Plaintiff brought suit to recover damages resulting from the impact of defendants' truck when it negligently hit plaintiff's building's exterior on September 21, 2022. When defendants conceded liability, the matter proceeded

---

[1] The record reflects G & E Services, LLC and E, G & E Services are the same entity.

to a bench trial solely to determine damages. At trial, plaintiff presented the testimony of two experts, as well as that of Attia Darwish, the owner of plaintiff and manager of a bagel shop located in the building.

Darwish testified he was in the building when the truck hit. He described the building "shaking" and showed pictures depicting the truck and building right after impact. Glenn Brackmann, plaintiff's engineering expert, testified the resulting damage to the building "was quite obvious." Brackmann described observing several "components to the damage" that he believed, "within a reasonable degree of engineering certainty," were a result of the truck's impact. These included: "damage to the bollard," "damage to the cracking of the sidewalks in the corner," "the crack in the southwest corner," "the cracking in the . . . brick[ ]face in the southwest corner down near the sidewalk level," "the roof damage in the corner," and "the rotation of th[e] trim by the front." He observed "other damage," which he "did not believe was caused by the truck" such as "some damage to the curb under the window," "some cracking he had observed up near the top of the column connection to the boxed out beam area," and some "caulking cracks." Brackmann's report was admitted into evidence without objection.

3

Plaintiff's second expert, Chuck Anania, a licensed home improvement contractor, testified he "c[a]me up with a reasonable estimation of replacement costs or repair costs" after visiting plaintiff's property. He opined "the entire roof ha[d] to be replaced because you cannot find matching materials to the current roof system," and there were "two sections of the façade . . . that were damaged." He explained "two of th[e] sides" of the "four-sided" "mansard roof" were "impacted." He also listed the damaged "bollard," "concrete work in front of the building," "roofing work and structural work behind the actual façade," the "brick veneer that goes around the front corner of the building," and a "corner pipe column adjacent to the truck impact area." Anania explained "the manpower will be at least . . . [twenty] to [twenty-five] man days' worth of work" to complete the repairs. He then opined it would cost $112,000 "to fix the repairs that were caused by the damage from the truck," affirming that estimate was "within a reasonable degree of construction certainty." While he disagreed with some of Brackmann's determinations, he indicated he based his calculation on "Brackmann's report that w[as] just the damage caused by the truck." Anania's report was admitted into evidence without objection.

Anania conceded the roof "was toward the end of its useful life." He further indicated he did "not agree with [the engineer's] determination . . . the

4

interior damage" was mostly unrelated to the collision. He clarified his estimate was based on replacing "the four façades of the roof," "any structural issues behind the roof," "the bollard and the front concrete work," and "investigating" "the interior . . . to remove that ceiling which . . . has lead paint and possibly asbestos." He further articulated the roof needed to be replaced "at some point in the future" but could not "give an exact date."

After the conclusion of Anania's testimony, the court expressed concern that neither of plaintiff's experts provided an itemization of the repair costs. The court also noted plaintiff's experts appeared to "have some disagreement" regarding which damage was caused by the impact. Indicating plaintiff's "one figure" of $112,000 would require the court to "speculate as to how much is concrete, how much is the façade, [and] how much is the bollard," the court advised it would "be very difficult to sift through this and make a determination as to what, if any, award [plaintiff] [wa]s entitled to."

Defendants declined to present testimony or evidence. The court emphasized it would only consider items admitted into evidence during the trial and expressly indicated it would not consider "defense items . . . filed on eCourts" as they were "not in evidence."

A-2784-24

On April 29, 2025, the court issued its written findings of fact and conclusions of law and entered judgment by order dated May 7, 2025, awarding $3,650 to plaintiff. The court stated, "Plaintiff's expert report opine[d] that the cost to repair the damage, as well as remediate possible encapsulated asbestos in the ceiling and lead-based paint, would cost $112,000." The court acknowledged the experts disputed the specific damage resulting from the collision and that existing prior to the collision attributable to the roof's age.

The court determined "[t]he only damages that were attributable to the truck['s] impact within a reasonable degree of engineering certainty were to a section of the mansard roof, the bollard and masonry in the vicinity of the bollard." The court further found plaintiff did not provide any itemization of damages, thus characterizing plaintiff's request for $112,000 as a "severe overreach."

The court found "only a small section of the mansard roof overhang was damaged," and an award of $112,000 "would constitute a great injustice." However, the court also determined "award[ing] no damages to plaintiff as a result of the truck impact would similarly constitute a great injustice."

The court then indicated its methodology in calculating damages. It advised it recognized "only two remediation estimates . . . in the record, that is,

plaintiff's $112,000 estimate which the court f[ound] to be completely unrealistic and the $3,650 estimate . . . which was included with defendant[s'] Uniform Arbitration Statement of Facts." The court then stated, "[C]andor require[d] the court to admit that a higher damage amount [wa]s probably warranted."

The court described "itself in a situation akin to professional baseball salary arbitration." Without further reasoning, the court concluded: "The record contains only the $112,000 and $3,650 estimates, compelling the court to choose to enter judgment in favor of plaintiff in the amount of $3,650." Accordingly, the court entered judgment in the lower amount.

Plaintiff appeals, arguing the trial court improperly relied upon evidence not presented or admitted at trial mandating reversal and entry of judgment in the amount of $112,000, the only amount of damages presented at trial.

II.

"Our review of a judgment following a bench trial is limited." Accounteks.Net, Inc. v. CKR Law, LLP, 475 N.J. Super. 493, 503 (App. Div. 2023) (citing Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). When we review a trial court's findings in a non-jury trial, we "ponder[] whether . . . there is substantial evidence in support of the trial judge's findings

and conclusions." Sipko v. Koger, Inc., 214 N.J. 364, 376 (2013) (omission in original) (quoting Seidman, 205 N.J. at 169). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman, 205 N.J. at 169 (second alteration in original) (quoting In re Trust Created by Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). We give deference to a trial court's factual findings "when the evidence is largely testimonial and involves questions of credibility." Sipko, 214 N.J. at 376 (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). A trial "'court's interpretation of the law and the legal consequences that flow from established facts,' however, 'are not entitled to any special deference.'" Accounteks.Net, Inc., 475 N.J. Super. at 503 (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"Compensatory damages are designed to compensate a plaintiff for an actual injury or loss." Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 48 (1984). To support an award of compensatory damages, the evidence must provide "some reasonable degree of certainty," Paolicelli v. Wojciechowski, 132 N.J. Super. 274, 278-79 (App. Div. 1975), "as opposed to

8

speculati[on,]" Cortez v. Gindhart, 435 N.J. Super. 589, 603 (App. Div. 2014) (quoting Grunwald v. Bronkesh, 131 N.J. 483, 495 (1993)). Thus, a plaintiff must "prove damages with such certainty as the nature of the case may permit, laying a foundation which will enable the trier of the facts to make a fair and reasonable estimate." Totaro, Duffy, Cannova & Co. v. Lane, Middleton & Co., 191 N.J. 1, 14 (2007) (quoting Lane v. Oil Delivery, Inc., 216 N.J. Super. 413, 420 (App. Div. 1987)). However, "the exact amount of the loss need not be certain." Ibid. (quoting Donovan v. Bachstadt, 91 N.J. 434, 445 (1982)).

Indeed, "[w]here . . . it is certain that damage has resulted, mere uncertainty as to the amount will not preclude recovery." Paolicelli, 132 N.J. Super. at 278. "If it is impossible to distinguish between the damage arising from the actionable injury and that caused by another or natural conditions, the court should attempt to make the best estimate possible under the circumstances as a basis for the damages to be allowed." Id. at 279.

What is certain is a trial court may not support its damage award with information or evidence not otherwise tethered to credible evidence in the trial record. Here, neither plaintiff nor defendants presented testimony or evidence of a damage or repair estimate contrary to plaintiff's. Indeed, defendant elected not to present testimony or evidence at trial, despite the court's emphasizing it

would not consider "defense items . . . filed on eCourts," as they were "not in evidence." Nonetheless, the court improperly relied on a damage estimate from defendant not referenced, presented, explored, or admitted at trial to arrive at its award. This alone warrants vacating the judgment.

Compounding its error, the court erroneously determined it faced "a situation akin to professional baseball salary arbitration" and was thus forced to choose between the $3,650 figure not presented at trial and plaintiff's requested amount based on its experts' testimony and estimates. This methodology, not grounded in law, constituted error as a matter of law, particularly as the court expressly found plaintiff's building was damaged by the truck's impact and "a higher damage amount [wa]s probably warranted." Further, we note plaintiff's experts both testified damage was caused by the truck, and Anania estimated $112,000 as the cost of repairing "damages from the truck."

We recognize the court's frustration with plaintiff's failure to present a breakdown and itemization of the total damages requested by plaintiff. However, the "reasonable solution" did not include considering the $3,650 estimate which was not part of the trial record or reducing the damage calculation to a binary choice between the $3,650 not presented or plaintiff's requested amount. This was not the appropriate formula or evidence to assess

"the best estimate possible under the circumstances." See Paolicelli, 132 N.J. Super. at 279.

Although not suggesting the proper result, we vacate the damage award and remand for further consideration of the appropriate damage calculation without reference to reports not properly introduced into evidence within the confines of the trial record.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2784-24